IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HECTOR MOLINA, Individually, and on Behalf of All Others Similarly Situated, <br> *Plaintiff,* <br><br> v. <br><br> ESKIMO INSULATION, LLC, <br> *Defendant.* | § § § § § § § § § § § § § | CIVIL ACTION NO. _____ <br><br> JURY DEMANDED |

---

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES**, Plaintiff, Hector Molina, Individually and on Behalf of All Others Similarly Situated, and files this Original Complaint and Jury Demand against Defendant, Eskimo Insulation, LLC, and for cause of action will show to the Court as follows:

**I. PRELIMINARY STATEMENT**

1.   This lawsuit seeks damages against Defendant for violations of the Fair Labor Standards Act ("FLSA"), as amended. Plaintiff, individually and on behalf of all other similarly situated employees, seeks to recover his unpaid wages, unpaid overtime wages, statutory liquidated damages, and reasonable attorneys' fees and expenses. Moreover, Plaintiff seeks to certify this matter as a collective action under the FLSA.

**II. PARTIES**

2.   Plaintiff, Hector Molina, is an individual residing in Houston, Harris County,

Texas. Plaintiff was Defendant's former employee. Plaintiff has filed a Notice of Consent to his Original Complaint. See Ex. A.

3. Defendant, Eskimo Insulation, LLC, is a domestic limited liability company conducting business in The Woodlands, Montgomery County, Texas. Defendant has been served with a request for waiver of service through its registered agent, as reflected in the Texas Secretary of State records: Mr. Derek S. McCoy, 8725 Fawn Trail, The Woodlands, Texas 77385. At all times during Plaintiff's employment, Defendant was Plaintiff's employer as defined under 29 C.F.R. § 791.2.

### III. JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's claims pursuant to 29 U.S.C. § 216(b), which provides, "an action to recover liability prescribed in either of the preceding sentences may be maintained against any employer…in any federal or state court of competent jurisdiction by any one or more employees for and on behalf of himself and themselves and other employees similarly situated." *Id.* In addition, this Court has subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because all claims in this lawsuit arise under the laws of the United States.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

### IV. FACTUAL ALLEGATIONS IN SUPPORT OF PLAINTIFF'S FLSA CLAIM

6. At all times hereinafter mentioned, Defendant has been an employer and enterprise engaged in commerce within the meaning and coverage of the FLSA. In addition, at all times hereinafter mentioned, Plaintiff and the similarly situated employees were employees of

Defendant.

7. Defendant operates a spray foam insulation company in Houston, Texas, since 2006.

8. Defendant employed Plaintiff from June 2016 to December 5, 2016, as a driver. Plaintiff was not engaged in interstate commerce and did not cross state lines as part of his job duties.

9. Plaintiff's work schedule consisted of working five (5) days a week (Monday through Friday), from 6:30 a.m. to 7:30 p.m. (sometimes 8:30 p.m.), for an average of 13 hours a day or 65 hours per week.

10. Defendant paid Plaintiff $13.00/hour from June 2016 to October 31, 2016. Thereafter, Defendant paid Plaintiff $14.00/hour from November 1, 2016, to December 5, 2016. Plaintiff would submit his timesheets weekly and get paid on the first and fifteenth of each month. Defendant owes Plaintiff approximately $12,338.00 in unpaid overtime wages, not including liquidated damages.

11. When Plaintiff and similarly situated employees worked over 40 hours per week, Defendant failed to properly compensate said employees for hours worked over 40 hours per week at a rate of time-and-a-half their regular rate.

## V. CAUSE OF ACTION: FLSA OVERTIME WAGES

12. The preceding paragraphs are incorporated by reference herein for all purposes.

13. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et. seq.*, and the supporting federal regulations, apply to Defendant and protect Plaintiff and the putative class members.

14. Defendant failed to pay Plaintiff and the putative class members overtime wages

at a rate of time-and-a-half for hours that they worked over 40 hours in a workweek for the relevant time period(s).

15. As a result of Defendant's unlawful acts, Plaintiff and the putative class members have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment interest, attorneys' fees, costs, and all other compensation pursuant to the FLSA.

16. Defendant's unlawful conduct was and has been willful and intentional. Defendant was aware or should have been aware that the practices described herein were/are unlawful. Defendant has not made a good faith effort to comply with the FLSA with respect to Plaintiff's compensation and the putative class members.

17. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## VI. COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)

18. The preceding paragraphs are incorporated by reference herein for all purposes.

19. Pursuant to Section 16(b) of the FLSA, Plaintiff brings this Complaint as a collective action, on behalf of himself and all others similarly situated who consent to join this litigation by filing a written consent with the Court and who also agree to be represented by Plaintiff's counsel, such persons making claims under the FLSA for the three years preceding the filing of this Complaint or the filing with the Court of each such person's written consent to joinder until entry of judgment after trial.

20. Defendant had a common policy of failing to pay its employees time-and-one-half of their regular rate for all hours worked over forty in a workweek. As a result of this common policy or scheme, Defendant wrongfully denied non-exempt personnel of overtime wages at

time-and-a-half for hours worked in excess of forty in a workweek. Therefore, the Court should certify a collective action of all current and former non-exempt drivers who were not compensated at time-and-a-half for hours that they worked over 40 hours in a workweek at any time during the three years preceding the filing of Plaintiff's Original Complaint.

21. Plaintiff is informed and believes, and based thereon, alleges that there are other FLSA class members who could "opt-in" to this collective action.

22. Additionally, the actual number of FLSA class members is readily ascertainable by a review of Defendant's records through appropriate discovery, and Plaintiff proposes to take proceedings in this action to have such persons notified of this litigation and, given an opportunity, to file written consents to join this litigation.

## VII. PRAYER

23. Plaintiff, individually and on behalf of all others similarly situated employees, respectfully requests that this Court certify this case as a collective action under the Fair Labor Standards Act and order court-supervised notice to the class and further demands judgment against Defendant, for the following:

(a) actual and liquidated damages for unpaid overtime wages pursuant to the Fair Labor Standards Act, as amended;

(b) reasonable attorneys' fees pursuant to the Fair Labor Standard Act;

(c) pre-judgment and post-judgment interest as provided by law;

(d) all costs of court and out of pocket expenses; and

(e) any other relief to which Plaintiff and the members of the class may be entitled in law or in equity.

## VIII. JURY DEMAND

24. Plaintiff demands a jury trial on all issues in this matter and has tendered the appropriate fee with this Original Complaint.

Respectfully submitted,



Alfonso Kennard, Jr.
Texas Bar No. 24036888
Southern District Id. No. 713316
2603 Augusta Dr., 14th Floor
Houston, Texas 77057
(713) 742-0900 (main)
(713) 742-0951 (facsimile)
alfonso.kennard@kennardlaw.com

**ATTORNEY-IN-CHARGE FOR PLAINTIFF**

**OF COUNSEL FOR PLAINTFF:**



/s/ José E. Galvan
José E. Galvan
Texas Bar No. 24083039
Southern District Id. No. 2200705
Kennard Richard, P.C.
2603 Augusta Dr., Ste. 1450
Houston, Texas 77057
(713) 742-0900 (main)
(713) 742-0951 (facsimile)
jose.galvan@kennardlaw.com